| | |
|---|---|
| SILVESTRE T. CRUZ,                           )<br>                    )<br>          Plaintiff,     )<br>                    )<br>     vs.                )<br>                    )<br>IGNACIO K. QUICHOCHO, MAYOR )<br>OF TINIAN, both personally )<br>and in his official       )<br>capacity,                 )<br>                    )<br>          Defendant.    )<br>_____ ) | CIVIL ACTION NO. 87-0021<br><br>DECISION AND ORDER |

THIS MATTER came before the Court on February 19, 1988, for hearing of defendant's motion to dismiss for lack of jurisdiction over the subject matter or for failure to state a claim.

Defendant argues, in essence, that this Court should decline to exercise jurisdiction because the complaint alleges a violation of local law, as well as the alleged 42 U.S.C. §1983 action, and because there has been no showing that the Commonwealth Trial Court cannot afford an adequate remedy. Defendant cites the Court's previous decision in Attao v. Palacios, 2 C.R. 1086 (D.C.N.M.I. 1987), as controlling

354

precedent.

The instant case is not identical to Attao in that, here, plaintiff has alleged that he was fired solely as retaliation for exercising his constitutional right of freedom of speech. As alleged, it is not, as in Attao, merely a garden-variety breach of contract disguised as a legitimate §1983 claim.

Defendant argues for a Pullman-type abstention.[1] Here, the very heart of the lawsuit is the allegation of retaliation for participating in the political process. Abstention on Pullman grounds is premised upon a finding by the federal court that the federal claim or the pendent state claim raises an unresolved issue of state law, the resolution of which may avoid the need to grapple with the constitutional claim. There is no need to abstain where the state and federal constitutional provisions are identical or substantially similar. Article 1, §2 of the CNMI Constitution is substantially similar to the First Amendment of the United States Constitution and is to be interpreted similarly, according to the "Analysis of the CNMI Constitution".

Abstention from the exercise of federal jurisdiction is the exception, not the rule. It is an extraordinary and narrow exception to the duty of a district court to adjudicate a

---

[1] Railroad Commission of Texas v. Pullman Co., 61 S.Ct. 643 (1941)

355

controversy    properly    before    it.    <u>Colorado    River    Water Conservation    District    v.    United    States</u>,    96    S.Ct.    1236,    1244 (1976).    Therefore,

Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

DATED this 23ʳᵈ day of February, 1988.

_____

Alfred Laureta
Judge